**UNITED STATES of America,
Appellee,**

v.

**Eric ESTRADA–GATICA, also known as Danny Sanchez, also known as Beelo Soto, also known as Mario Gustamante, also known as Johny Sosa, also known as Omar Salto, also known as Pedro Catle, Appellant.**

No. 02–2179.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 3, 2003.

Decided Feb. 7, 2003.

Before WOLLMAN, LOKEN, and RILEY, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

A jury found Erie Estrada–Gatica guilty of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), and the district court[1] sentenced him to 100 months imprisonment and 3 years supervised release. On appeal, counsel has moved to withdraw and filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Estrada–Gatica has filed a pro se supplemental brief. Upon careful review of the record, we reject seriatim the multiple arguments for reversal, and we affirm.

As to the *Anders* brief arguments, Estrada–Gatica's sentence does not violate *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *see United States v. Kempis–Bonola,* 287 F.3d 699, 701–02 (8th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 295, 154 L.Ed.2d 196 (2002); there is no indication that a deportation order was entered in this case and thus, we need not address counsel's argument about time limits on detention after entry of a deportation order; an illegal-reentry conviction does not require proof of specific intent, *see United States v. Gonzalez–Chavez,* 122 F.3d 15, 17–18 (8th Cir. 1997); and the government offered evidence in support of each of the elements of the offense, *see United States v. Moyer,* 313 F.3d 1082, 1086 (8th Cir.2002).

The pro se arguments also fail. The district court did not clearly err in finding Estrada–Gatica competent to stand trial, *see United States v. Hinton,* 218 F.3d 910, 912 (8th Cir.2000); he waived his rights under the Speedy Trial Act by failing to file a motion to dismiss below, *see United States v. White Horse,* 316 F.3d 769, 773–

---

1. The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

74 (8th Cir.2003); we see no plain error with regard to Estrada–Gatica's constitutional speedy-trial rights, *see id.; Kempis–Bonola*, 287 F.3d at 701; he failed to move for departure based on diminished mental capacity and in fact, he received the sentence he requested, *see United States v. Murphy*, 248 F.3d 777, 780 (8th Cir.2001); his claim to United States citizenship is contradicted by the jury's verdict, and further, Estrada–Gatica himself testified at trial that he was not a United States citizen; and his ineffective-assistance claim is not properly before us in this direct criminal appeal.

Finally, having reviewed the record under *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, we affirm Estrada–Gatica's conviction and sentence, and we deny his pending motions.